UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>WILLIAM THOMAS,<br>　　　　Defendant. | Case No. 08-cr-00791-SI-1<br>　　　　17-cv-03393-SI<br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255**<br>Re: Docket No. 130 |

Defendant William Thomas Jr. ("Defendant") filed this pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Docket 130. For the reasons discussed below, defendant's motion is DENIED.

**BACKGROUND**

Defendant was indicted on November 6, 2008 for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Docket 2. Defendant pled guilty pursuant to a written Plea Agreement on March 8, 2010. Docket 41. The Plea Agreement included a waiver of defendant's right to appeal or collaterally challenge the conviction or sentence. *See id.* ¶¶ 4-5.

In September 2010, the Honorable Marilyn H. Patel sentenced defendant to time served, followed by five years of supervised release, including community confinement of six months. At the time of sentencing, defendant had been in federal custody for 22 months. Defendant began his term of supervised release on September 20, 2010, the day he was sentenced. Defendant subsequently violated the terms of his supervised release, and is currently serving time in federal custody.

On June 9, 2017, defendant filed the present motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255. Dockets 130, 137. The government filed its opposition on June 30, 2017 and mailed a copy of the opposition to defendant at his new address in Mendota. Docket 133. After learning of defendant's change of address, the Court twice extended the deadline for defendant to file a reply brief. *See* Dockets 135, 138. Defendant's reply brief was due on September 15, 2017. *See* Dockets 138. Defendant did not file a reply. For the reasons set forth below, the Court DENIES defendant's motion.

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" *Id.* If the court finds that relief is warranted under section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner[,] resentence him[,] grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

However, a motion under § 2255 is not the appropriate way to seek relief under an amendment to the sentencing guidelines, as it raises neither a claim of constitutional nor jurisdictional error. *See Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). The Ninth Circuit has indicated that when a defendant brings such a motion, a court should "construe [the defendant's] pro se section 2255 motion as a request for resentencing under 18 U.S.C. § 3582." *Id.* "To do so is consistent with the duty of federal courts to construe pro se pleadings liberally." *Id.* (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)).

"Generally, courts may not alter a term of imprisonment once it is imposed." *United States v. Morales*, 590 F.3d 1049, 1050 (9th Cir. 2010). However, 18 U.S.C. § 3582(c)(2) authorizes

2

1 district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013); *see also* 28 U.S.C. § 994(o). The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date defendant was sentenced. 28 U.S.C. § 994(o), (u). In order to establish eligibility, "a defendant must show (1) that his sentence was 'based on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017) (quoting 18 U.S.C. § 3582(c)(2)). Second, the Court must consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); *Dillon*, 560 U.S. at 826-28.

**DISCUSSION**

Defendant seeks a reduction in his federal sentence in light of Amendments 750 and 782 to the United States Sentencing Guidelines. Docket 130 at 4-5. However, a motion under § 2255 is not the appropriate way to do this. *See Hamilton*, 67 F.3d at 764. Defendant's motion should have been brought under 18 U.S.C. § 3582. *See id*. The Court will construe defendant's § 2255 motion as a motion for reduced sentence under 18 U.S.C. § 3582. Even so, the Court concludes that defendant is not entitled to relief under § 3582.

**I. Defendant waived his right to file a petition under 28 U.S.C. § 2255 or a motion under 18 U.S.C. § 3582.**

Defendant seeks a modification of his sentence imposed by this Court on September 20, 2010. In his motion, defendant argues that his sentence should be modified based on a change in

United States District Court
Northern District of California

the United States Sentencing Guidelines. *See* Docket 130. In its opposition, the government argues that defendant waived his right to bring such a motion. *See* Docket 133. The following waiver was included in defendant's Plea Agreement:

> I agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255, or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

Docket 41 ¶ 5.

Pursuant to a plea agreement, a waiver of 18 U.S.C. § 3582(c) is enforceable if "(1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *United States v. Malone*, 503 Fed. App'x 499, 500 (9th Cir. 2012) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009)). The Ninth Circuit has noted that "public policy strongly supports" plea agreements containing such waivers, reasoning that finality is "perhaps the most important benefit of plea bargaining." *United States v. Navarro-Botello*, 912 F.2d 318, 321-22 (9th Cir. 1990). The plain language of a plea agreement will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo,* 496 F.3d 947, 957 (9th Cir. 2007) (en banc). The only claims that cannot be waived are claims that the waiver itself was involuntary or was the result of ineffective assistance of counsel. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005).

In the present case, defendant expressly waived his right to seek relief under either § 2255 or § 3582 when he entered into the Plea Agreement on March 8, 2010. *See* Docket 41 ¶ 5. Defendant does not challenge the voluntariness of the waiver nor does he allege a claim of ineffective assistance of counsel. His sole argument is that his sentence should be modified in light of amendments to the United States Sentencing Guidelines. Furthermore, there is nothing in the record to suggest that the waiver was not knowingly and voluntarily made. Defendant indicated in his plea agreement that he had discussed the terms with his attorney and entered into the plea voluntarily. *See* Docket 41 ¶¶ 21, 23. Accordingly, defendant's waiver is enforceable, and defendant cannot seek relief pursuant to either § 2255 or § 3582.

**II. The Court lacks jurisdiction to reduce defendant's sentence for a violation of supervised release.**

It is possible that defendant is asking the Court to reduce the sentence he is currently serving for a violation of supervised release. Even if defendant had not waived his right to bring such a motion, relief would still be denied. Section 3582(c)(2) requires that a court's decision to reduce a sentence be "consistent with applicable policy statements issued by the Sentencing Commission." If this requirement is not satisfied, the court lacks jurisdiction to consider a reduction. *See Morales*, 590 F.3d at 1050 (citation omitted). In *Morales*, the Ninth Circuit held that reducing a sentence for a violation of supervised release is inconsistent with the policy statement in U.S.S.G. § 1B1.10, Application Note 4(A).[1] *Id*. at 1052-53. Here, defendant is not in custody for his original conviction. Rather, he is in custody for a violation of his term of supervised release. Thus, under *Morales*, the Court has no jurisdiction to reduce defendant's sentence.

A certificate of appealability will not issue because defendant has not made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**CONCLUSION**

Defendant waived his right to bring this motion when he entered into his Plea Agreement. In any event, defendant cannot seek a reduction of his sentence for a violation of supervised release under § 3582. Thus, the Court hereby DENIES defendant's motion.

//

//

//

---

[1] "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 Commentary, Application Note 4(A).

5

**IT IS SO ORDERED**.

Dated: September 19, 2017

_____
SUSAN ILLSTON
United States District Judge